[No. 9,128. Department Two.—February 4, 1884.]

L. L. BAKER ET AL., APPELLANTS, *v.* C. M. EVERHART ET AL., RESPONDENTS.

INSOLVENCY—SCHEDULE—OATH OF PETITIONER—JURISDICTION.—In proceedings in insolvency the schedule filed by the petitioner must be sworn to before the judge of the court to which the application is made. If sworn to before a notary public the court has no jurisdiction to decree a discharge.

APPEAL from a judgment of the Superior Court of Placer County.

This was an action to recover an unpaid balance of a judgment against the defendants. They pleaded a discharge in insolvency. The court found for defendants on this issue and plaintiffs appeal.

The further facts appear in the opinion of the court.

*J. E. Prewett,* and *Freeman & Bates,* for Appellants.

*Jo. Hamilton,* for Respondents.

The COURT.—The Superior Court did not have jurisdiction to make a decree discharging the alleged insolvents; the schedule was sworn to before a notary public, whereas section 4 of the Act of 1852 required it to be sworn to "before the judge having jurisdiction," etc.

The judgment is reversed and the cause is remanded, with instructions to render judgment for plaintiff on the findings.